IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DON ALTON HARPER,

        Petitioner,

    v.                            CASE NO. 13-3090-RDR

CLAUDE MAYE,
Warden,

        Respondent.

**O R D E R**

This action was filed as a petition for writ of habeas corpus, 28 U.S.C. § 2241, by an inmate of the United States Penitentiary, Leavenworth, Kansas. The court finds that petitioner has not satisfied the filing fee prerequisite and that, in any event, the court lacks jurisdiction. Accordingly, the petition is dismissed.

This is yet another in a long line of abusive attempts by Mr. Harper to challenge his 1994 criminal convictions entered in *U.S. v. Harper*, Case No. 93-20069-JWL. Mr. Harper has been repeatedly informed by this court and the Tenth Circuit Court of Appeals that his sole remedy is a motion pursuant to 28 U.S.C. § 2255 and that his claims are second and successive. After his filing of seven actions eventually construed as § 2255 motions and a warning by the Circuit of sanctions for future frivolous actions, he was sanctioned by that Court when another motion was denied as frivolous. *U.S. v. Harper*, 545 F.3d 1230, 1231-2 (10th Cir. 2008). Recently, the Tenth

1

Circuit found that Mr. Harper had filed 12 attempts to seek relief under § 2255 and had been repeatedly warned that sanctions would be imposed. They then ruled that:

> any future motion for authorization to file a second or successive § 2255 motion concerning those convictions shall be deemed denied on the thirtieth day following filing unless this court orders otherwise.

*In re* Harper, App. Case No. 13-3073 (Apr. 16, 2013).

The claims raised in the instant petition and supplement are challenges to Mr. Harper's convictions that may only be raised in a § 2255 motion. This court lacks jurisdiction to consider these claims under § 2241 because petitioner does not show that his § 2255 remedy was inadequate or ineffective. The fact that a § 2255 motion has been, or is likely to be, denied as either time-barred or second and successive does not establish that the § 2255 remedy is inadequate or ineffective. Furthermore, because this motion is abusive and petitioner's § 2255 claims are clearly barred, the court declines to transfer this matter to the Tenth Circuit for consideration of preauthorization to file a second and successive § 2255 motion.

Mr. Harper has also repeatedly been informed that he is required to either pay the statutory filing fee or submit a properly supported motion to proceed in forma pauperis at the time he files a new action. However, he has again done neither. Because of the abusive nature of this action and Mr. Harper's repeated failure to adhere to court procedure regarding filing fees, the court denies him leave to

2

proceed in forma pauperis in this case and assesses the $5.00 filing fee, which he is to immediately pay to the clerk of this court.

The court hereby certifies that any appeal from this order would not be taken in good faith and denies leave to proceed in forma pauperis on appeal.

**IT IS THEREFORE ORDERED** that this action is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that petitioner is hereby assessed the filing fee of $5.00 to be paid immediately to the clerk of the court.

**IT IS SO ORDERED.**

**DATED:  This 7th day of June, 2013, at Topeka, Kansas.**

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**